# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FREEDOM WATCH, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 17-2459 (ABJ) |
| JEFFERSON B. SESSIONS, in his official capacity as Attorney General of the United States of America on behalf of the UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This case before the Court is an action for a writ of mandamus. Plaintiff asks the Court to order the Attorney General of the United States, the Director of the Office of Professional Responsibility of the United States Department of Justice, the Inspector General of the Department of Justice, and the Director of the Federal Bureau of Investigation to immediately undertake an investigation of leaks alleged to be emanating from Special Counsel Robert Mueller and his staff. *See* Compl. [Dkt. # 1] at 2; *id.* ¶¶ 11–12. The prayer for relief calls for:

> A writ of mandamus compelling Defendants to conduct an immediate, thorough investigation into torrent of leaks [*sic*] coming from Mr. Mueller and his staff, as well as unethical conflicts of interest, pertaining to the Mueller Investigation and an order compelling Mr. Sessions and the USDOJ to order the removal of Mr. Mueller and his staff from the investigation when the investigation reveals that the leaks did originate from Mr. Mueller and his staff.

Compl. at 13. Because the Court has found, for the reasons set forth below, that plaintiff lacks standing to bring this action, it will dismiss the complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). Subject matter jurisdiction may not be waived, and "courts may raise the issue *sua sponte*." *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden . . . from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Similarly, a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion."). Therefore, Rule 12 provides that a district court must dismiss a complaint when it is evident that it lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and it may do so *sua sponte*. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010), citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008).

"To state a case or controversy under Article III, a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011), citing *Allen v. Wright*, 468 U.S. 737, 751 (1984); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Standing is a necessary predicate to any exercise of federal jurisdiction, and if it is lacking, then the dispute is not a proper case or controversy under Article III, and federal courts have no subject-matter jurisdiction to decide the case. *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012).

To establish constitutional standing, a plaintiff must demonstrate that (1) he has suffered an injury-in-fact; (2) the injury is "fairly traceable to the challenged action of the defendant"; and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61, quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–43 (1976) (internal quotation marks and edits omitted); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180–81 (2000). The party invoking federal jurisdiction bears the burden of establishing standing. *Lujan*, 504 U.S. at 561.

Paragraph 8 of the complaint states the following about standing:

> Plaintiff has standing to bring this action because it has been directly affected and victimized by the unlawful conduct complained herein [*sic*]. Its injuries are proximately related to the conduct of Defendants, each and every one of them, as it is a public interest watchdog which investigates and prosecutes government corruption on behalf of the American people and disseminates information to them.

Compl. ¶ 8. There are no other jurisdictional allegations in the complaint.

On November 27, 2017, the Court ordered plaintiff in this case to show cause why it has alleged sufficient facts to establish that it has suffered the injury-in-fact that is necessary to confer standing to pursue this action. Order [Dkt. # 4]. To allege the first element of standing, injury-in-fact, a plaintiff must demonstrate that he has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), quoting *Lujan*, 504 U.S. at 560. To be "concrete," the injury "must actually exist," meaning that it is real, and not abstract, although concreteness is "not . . . necessarily synonymous with 'tangible.'" *Id.* at 1548–49. And to be "particularized," the injury must affect a plaintiff "in a personal and individual way." *Id.* at 1548, quoting *Lujan*, 504 U.S. at 560 n.1.

The problem in this case is that even if the allegations in the complaint concerning bias or wrongdoing on the part of the Special Counsel are accepted as true on their face, and even if plaintiff is correct that these allegations "clearly warrant thorough ethics investigation and discipline," Pl.'s Resp. to Ct.'s Order [Dkt. # 10] ("Pl.'s Resp.") at 9, plaintiff has not – neither in its complaint nor in response to the order to show cause – set forth any facts that would establish that it or any of its members (assuming it is a membership organization, which is not alleged in the complaint) has suffered an invasion of a legally protected interest that is concrete and particularized, and actual or imminent.

In its order to show cause, the Court pointed plaintiff to a statement in *Lujan* that a "plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." Order at 2–3, quoting *Lujan*, 504 U.S. at 573–74; *see also Prisology, Inc. v. Fed. Bureau of Prisons*, 852 F.3d 1114, 1116–17 (D.C. Cir. 2017) (observing that the Bureau's alleged failure to publish its records electronically would not be an "injury" for purposes of Article III because it would be a "harm common to everyone," and it would "not differentiate [plaintiff] from the public at large").

The Court also emphasized in its order to show cause that in order for an organizational plaintiff to allege injury-in-fact, it must demonstrate "concrete and demonstrable injury to the organization's activities – with a consequent drain on the organization's resources – constituting more than simply a setback to the organization's abstract social interests." Order at 3, quoting *Nat'l Taxpayers Union, Inc. v. United States*, 68 F.3d 1428, 1433 (D.C. Cir. 1995); *see also Am. Legal Found. v. FCC*, 808 F.2d 84, 92 (D.C. Cir. 1987) (observing that such a showing requires

"more than allegations of damage to an interest in 'seeing' the law obeyed or a social goal furthered"); *Cmty. Nutrition Inst. v. Block*, 698 F.2d 1239, 1253–54 (D.C. Cir. 1983) (holding that a consumer organization could not establish standing "on the basis of its abstract interest in seeing that consumers" receive dairy products at the lowest possible price), *rev'd on other grounds*, 467 U.S. 340 (1984).

Plaintiff does not grapple with these legal principles at all in its response. Indeed, its response only serves to underscore the fact that it is seeking to vindicate alleged harm to the public at large. Plaintiff complains about defendants' failure to investigate alleged prosecutorial misconduct, leaks, and conflicts of interest on the part of the Special Counsel and his team, and it states that "the denial of an ethics investigation by OPR and the IG . . . is proof of government corruption that transgresses from and thus damages one of the main objectives of Freedom Watch as an organization." Pl.'s Resp. at 7; *see also id.* at 6 ("Freedom Watch's mission is to disseminate information to the public in order to further conservative principles, good government, ethics and respect for the rule of law, individual liberty, and freedom."). The fact that plaintiff has taken on the mantle of seeking to shine light on alleged governmental wrongdoing does not mean that it is affected by that wrongdoing in any particularized way – what plaintiff alleges is that the wrongdoing harms its *objective,* not *it*. This is exactly the sort of abstract injury that does not rise to the level of an injury-in-fact.

The Court also directed plaintiff to address the element of redressability in its order to show cause. Order at 3. "To satisfy this element, a plaintiff must show in the first instance that the court is capable of granting the relief sought." *Love v. Vilsack*, 908 F. Supp. 2d 139, 144–45 (D.D.C. 2012); *Swan v. Clinton*, 100 F.3d 973, 976 (D.C. Cir. 1996) (indicating that the "redressability" element of standing entails the question of "whether a federal court has the power to grant [the

plaintiff's requested] relief").  The relief requested here is a writ pursuant to 28 U.S.C. § 1361, which grants the district courts jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff."  Mandamus relief is only permissible when a plaintiff demonstrates "(1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists."  *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016), citing *United States v. Monzel*, 641 F.3d 528, 534 (D.C. Cir. 2011).  While plaintiff has detailed the source of defendants' authority to undertake investigations, and the reasons why, in plaintiff's view, they should act, it points to no legal source of a mandatory duty owed to plaintiff to act, and therefore supplies no basis for the Court's power to order defendants to do so.

For these reasons, the case will be dismissed pursuant to Federal Rule of Civil Procedure Rule 12(h)(3) for lack of the standing that is necessary to establish subject-matter jurisdiction.  A separate order will issue.

**SO ORDERED**.

_____

AMY BERMAN JACKSON
United States District Judge

DATE:  December 20, 2017