# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 17-5288**  September Term, 2017

1:17-cv-02459-ABJ

Filed On: July 25, 2018 [1742312]

Freedom Watch, Inc.,

    Appellant

    v.

Jefferson B. Sessions, III, The Honorable, in his official capacity as Attorney General of the United States of America on behalf of the United States Department of Justice, et al.,

    Appellees

## M A N D A T E

In accordance with the judgment of May 23, 2018, and pursuant to Federal Rule of Appellate Procedure 41, this constitutes the formal mandate of this court.

                                      **FOR THE COURT:**
                                      Mark J. Langer, Clerk

                    BY:    /s/
                            Ken R. Meadows
                            Deputy Clerk

Link to the judgment filed May 23, 2018

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 17-5288**  **September Term, 2017**

1:17-cv-02459-ABJ

**Filed On:** May 23, 2018

Freedom Watch, Inc.,

    Appellant

v.

Jefferson B. Sessions, III, The Honorable, in his official capacity as Attorney General of the United States of America on behalf of the United States Department of Justice, et al.,

    Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**  Henderson, Griffith, and Srinivasan, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed December 11, 2017, and December 20, 2017 be affirmed. Recusal or disqualification of the district court judge was not warranted, because appellant has provided no reasonable basis for questioning the impartiality of the district court judge. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); In re Kaminski, 960 F.2d 1062, 1065 n.3 (D.C. Cir. 1992) (per curiam) ("A judge should not recuse himself based upon conclusory, unsupported or tenuous allegations.").

With respect to the merits, the district court correctly concluded that appellant lacked standing to bring the petition for a writ of mandamus. Appellant has not shown that it suffered a "'concrete and demonstrable'" injury in fact, resulting in a "'consequent drain on the organization's resources – constitut[ing] . . . more than simply a setback to the organization's abstract social interests.'" Nat'l Taxpayers Union v. United States, 68

United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 17-5288**  **September Term, 2017**

F.3d 1428, 1433 (D.C. Cir. 1995) (quoting Havens Realty Corp. v. Coleman, 455 U.S. 363, 379 (1982)).  Further, appellant has not demonstrated associational standing, because it has not shown that any of its members would have Article III standing to sue in his or her own right.  See Nat. Res. Def. Council v. EPA, 489 F.3d 1364, 1370 (D.C. Cir. 2007).  Finally, to the extent appellant suggests that the district court should have granted leave to amend the petition, it has not explained how the petition would be amended nor shown why such amendment would not be futile.  Cf. Hettinga v. United States, 677 F.3d 471, 480 (D.C. Cir. 2012) (per curiam) ("A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**